IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| DARRIN SHAFER,<br><br>      Plaintiff,<br><br>  vs.<br><br>ZIMMERMAN TRANSFER, INC., BENEFIT PLAN ADMINISTRATORS OF EAU CLAIRE, LLC,<br><br>      Defendants. | 1:20-cv-00023-RP-SHL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' JOINT MOTION FOR ORDER LIMITING THE SCOPE OF DISCOVERY** |

Plaintiff alleges Defendants improperly denied benefits under a plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.* Judicial review of a denial of benefits decision is generally limited to the administrative record, and thus Defendants argue Plaintiff is not entitled to discovery. (ECF 81.) Notwithstanding, Plaintiff argues there are conflicts of interest and procedural irregularities that warrant discovery regarding matters outside the administrative record. (ECF 83.) The Court concludes, for reasons explained below, Plaintiff has not established good cause for such discovery except in two narrow instances. The Court therefore GRANTS IN PART and DENIES IN PART Defendants' joint motion to limit the scope of discovery.

## I.    FACTUAL BACKGROUND

In June 2017, while Plaintiff was employed by Defendant Zimmerman Transfer, Inc. ("Zimmerman"), he underwent emergency surgery to remove an obstruction in his bowel. (ECF 49, ¶¶ 16, 17.) Defendant Benefit Plan Administrators of Eau Claire, LLC ("BPA"), Zimmerman's claims administrator, informed Plaintiff the surgery would not be covered under his employer-sponsored insurance plan because it resulted from non-covered bariatric surgery performed two years earlier. (Id., ¶ 22.) Plaintiff's internal appeals of this decision were denied. (Id., ¶¶ 23, 26.) He then requested external review, which similarly concluded that his June 2017 surgery was not covered, ostensibly because it was not "medically necessary." (Id., ¶¶ 28, 31.) Plaintiff eventually filed this case alleging Defendants' denial of benefits was arbitrary and capricious. (Id., ¶ 55.)

1

Defendants deny liability to Plaintiff but, in the event the Court rejects their position, have brought state law cross-claims against each other.

On November 2, 2021, Defendants filed their Joint Motion for Order Concerning the Scope of Discovery, in which they argue Plaintiff should be precluded from taking discovery against them. (ECF 81.) Defendants ask for an order limiting discovery to their state law cross-claims against each other.[1] (Id.) Plaintiff, by contrast, asks the Court to order Defendants to respond to discovery he served on November 8, 2021. (ECF 83, 87-1.)

## II.    LEGAL BACKGROUND

### A.  Standard of Review in ERISA Denial of Benefit Cases.

Generally, "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Where the benefit plan gives the administrator discretionary authority, courts review the administrator's decision for abuse of discretion. *Roebuck v. USAble Life*, 992 F.3d 732, 736 (8th Cir. 2021).

In 2008, the Supreme Court resolved a circuit split by concluding the abuse of discretion standard applies even if the plaintiff establishes the plan administrator was operating under a conflict of interest when the claim was reviewed. *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008). The Court held the conflict should be considered in the abuse of discretion analysis. *See id.*; *Chronister v. Unum Life Ins. Co. of Am.*, 563 F.3d 773, 775 (8th Cir. 2009).

After *Glenn*, the Eighth Circuit issued somewhat inconsistent rulings on whether the abuse of discretion standard also applies in cases involving procedural irregularities, or if the proper standard could be *de novo* in such circumstances. The inconsistency arose out of *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160 (8th Cir. 1998), which identified conflicts of interest and procedural irregularities as separate issues that might impact judicial review in ERISA cases. In *McIntyre v. Reliance Standard Life Ins. Co.*, 972 F.3d 955, 959–60 (8th Cir. 2020), the Eighth Circuit resolved the inconsistency and held that abuse of discretion applies even when procedural irregularities are

---

[1] No one opposes Defendants' request for permission to take discovery from each other on the cross-claims, and thus the Court granted this request on the record during the hearing on Defendants' joint motion to limit the scope of discovery.

present. As with conflicts of interest, the procedural irregularities should be considered in the abuse of discretion analysis. *See id.* at 963; *accord Roebuck*, 992 F.3d at 738.

B. *Discovery Standards in ERISA Cases.*

Although *Glenn* and *McIntyre* clarified the ultimate standard for judicial review of a denial of benefits, they did not directly address an underlying issue that routinely arises in ERISA cases: under what circumstances should a plaintiff be entitled to take discovery on conflicts of interest, procedural irregularities, or other matters outside the administrative record? Courts in the Eighth Circuit and elsewhere have reached inconsistent results. *See* Danya M. Hooker, *The Eighth Circuit's Evolving Standard of Review in ERISA Conflict-of-Interest Cases: Past, Present, and Future*, 62 Drake L. Rev. 857, 879 (2014) ("With no clear direction from above, district courts within the Eighth Circuit have arrived at drastically different interpretations of *Glenn's* impact on discovery."); Elizabeth J. Bondurant, *Standard of Review and Discovery After Glenn: The Effect of the Glenn Standard of Review on the Role of Discovery in Cases Involving Conflicts of Interest*, 77 Def. Couns. J. 120, 124 (2010) ("Though *Glenn* unified the Circuits regarding the standard of review to apply to an administrator's conflict of interest, *Glenn* has fueled disputes regarding whether courts should allow discovery in light of an administrator's conflict of interest.").

The Eighth Circuit has occasionally provided guidance on when discovery is permissible, but it has not always pointed in the same direction. On one hand, the Eighth Circuit has held it is not an abuse of discretion to deny discovery in circumstances where the defendant concedes a conflict of interest and "the administrative record is sufficient to permit a fair evaluation of [the defendant's] decision." *Jones v. ReliaStar Life Ins. Co.*, 615 F.3d 941, 945 (8th Cir. 2010); *accord Atkins v. Prudential Ins. Co.*, 404 F. App'x 82, 85 (8th Cir. 2010). Similarly, prior to *Glenn*, Eighth Circuit precedent held that district courts "will only rarely need to permit discovery and supplementation of the record" to establish a conflict of interest. *Farley v. Ark. Blue Cross & Blue Shield*, 147 F.3d 774, 776 n.4 (8th Cir. 1998). Some lower courts in the Eighth Circuit continue to treat this statement as good law after *Glenn. See, e.g., Nauss v. Sedgwick Claims Mgmt. Servs., Inc.*, 4:20-CV-00304 JAR, 2020 WL 6262124, at *1 (E.D. Mo. Oct. 23, 2020). Not surprisingly, these courts allow discovery in only narrow circumstances. *See id.; Tucker v. Express Scripts Health & Welfare Benefits Plan*, 4:20-CV-00987-NCC, 2021 WL 1857109, at *6 (E.D. Mo. May 10, 2021). Most lower courts in the Eighth Circuit also continue to apply the "good cause" standard

articulated by the Eighth Circuit in *Brown v. Seitz Foods, Inc. Disability Ben. Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998). *See, e.g.*, *Tucker*, 2021 WL 1857109, at *5.

On the other hand, however, in conducting judicial review, the Eighth Circuit has directed lower courts to consider matters that would be all but impossible for a plaintiff to prove without discovery. For example, courts should consider whether the "medical professionals reviewing the claim had their compensation tied to their findings" and whether there is something in the administrator's "claims administration history" to suggest the review process was tainted by a conflict. *See Roebuck*, 992 F.3d at 737 (quoting *Boyd v. ConAgra Foods, Inc.*, 879 F.3d 314, 320–21 (8th Cir. 2018)). These factors emanate from *Glenn*, in which the Supreme Court explained that reviewing courts should give considerable weight to conflicts if "an insurance company administrator has a history of biased claims administration" but less weight if the administrator "has taken active steps to reduce potential bias and to promote accuracy." *Glenn*, 554 U.S. at 117. These factors inherently seem to require discovery outside the administrative record, as no plan administrator would admit, for example, to having a "history of biased claims administration" in an administrative record. *See Winterbauer v. Life Ins. Co. of N. Am.*, No. 4:07CV1026DDN, 2008 WL 4643942, at *6 (E.D. Mo. Oct. 20, 2008) ("[I]t seems logical to allow some discovery on issues related to these four [*Glenn*] factors.").[2] To that end, the Eighth Circuit on at least one occasion ruled against a plaintiff in part because he did <u>not</u> seek additional discovery regarding a conflict. *See Menz v. Procter & Gamble Health Care Plan*, 520 F.3d 865, 871 (8th Cir. 2008).

In the face of this evolving and somewhat conflicting precedent, the Court concludes as follows. *First*, a plaintiff is not automatically entitled to discovery outside the administrative record in an ERISA denial of benefits case; instead, the governing standard remains "good cause." *See Brown*, 140 F.3d at 1200; *Johnston v. Commerce Bancshares*, No. 4:15-cv-0852-DGK, 2016 WL 4083492, at *2–3 (W.D. Mo. Aug. 1, 2016) (concluding "good cause" remains the standard after *Glenn*). *Second*, the showing required to establish "good cause" will be lower if the plaintiff wants to explore a conflict of interest or some other issue treated by *Glenn* and its progeny as relevant than if the discovery is designed for another purpose, such as to obtain new medical information

---

[2] Prior to *McIntyre*, the Eighth Circuit sometimes said "additional evidence [beyond the administrative record] may be admitted 'for the limited purpose of determining the proper standard of review.'" *Ingram v. Terminal R.R. Ass'n of St. Louis Pension Plan for Nonschedule Emps.*, 812 F.3d 628, 634 (8th Cir. 2016) (quoting *Waldoch v. Medtronic, Inc.*, 757 F.3d 822, 830 (8th Cir. 2014)). This terminology is inaccurate now that *McIntyre* has confirmed there is only a single standard of review, but the larger point stands: information outside the administrative record is appropriate in some circumstances to determine how much weight the conflict of interest or procedural irregularities should be given.

not previously made available to the administrator. *See, e.g.*, *Brown*, 140 F.3d at 1200–01 (reversing district court's decision to expand record to include medical evidence that plaintiff could have, but failed, to present to plan administrator). *Third*, to satisfy the good cause requirement, the plaintiff must articulate how the proposed discovery might impact the Court's review of the merits and ensure it is appropriately tailored to that purpose. *See, e.g.*, *Schoolman v. United Healthcare Ins. Co.*, No. 4:13CV282 TIA, 2013 WL 6683111, at *2 (E.D. Mo. Dec. 18, 2013) (allowing "specific and narrow" interrogatories regarding alleged conflict but refusing to allow deposition that was akin to fishing expedition). *Fourth*, although "good cause" is more onerous than the standard that would apply in an ordinary civil case, Fed. R. Civ. P. 26(b)(1) remains applicable—e.g., the proposed discovery must be relevant, non-privileged, and proportional to the needs of the case. *See Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1162 (10th Cir. 2010) (concluding the "familiar standards" of Rule 26(b) continue to apply in ERISA review cases).

## III.   ANALYSIS

Having clarified what it believes is the appropriate standard for discovery in an ERISA denial of benefits case, the Court now turns to whether Plaintiff has satisfied that standard.

Plaintiff's proposed discovery consists of 26 Requests for Production and 13 Interrogatories, virtually all of which are broad, boilerplate requests that would be propounded in an ordinary civil case. (*See, e.g.*, ECF 87-1, p. 6 ("**REQUEST NO. 1:** All documents related to the claim for benefits made that is the subject matter of this litigation."); *id.* p. 25 (seeking the identity of and contact information for "all witnesses who will offer testimony at trial")). In addition, Plaintiff wants to take the deposition of the external claims reviewer to understand the basis for the denial of Plaintiff's claim. (ECF 83-1, p. 8.)

With two narrow exceptions, Plaintiff has not established "good cause" for any of this proposed discovery. His discovery is not tailored to understanding whether or to what extent there is a conflict of interest of the type identified in *Glenn*, but rather revolves around merits issues already addressed by the administrative record. This is the type of discovery the Eighth Circuit—both before and after *Glenn*—has held is inappropriate in a denial of benefits case. *See Jones*, 615 F.3d at 945; *Brown*, 140 F.3d at 1200.

Plaintiff offers no persuasive reason why this precedent should not apply here. He argues he should get discovery because: (a) Defendants ignored opinions from Nebraska Methodist Hospital and Dr. Gary Anthone as to whether his treatment was "medically necessary;" and (b) the

administrative record is internally inconsistent on medical necessity. But the administrative record already includes information from the Hospital and Dr. Anthone and thus will speak for itself with respect to these alleged deficiencies: either the administrator properly weighed the available medical evidence or not. *See, e.g.*, *Woo*, 144 F.3d at 1162 (concluding, based solely on information available to the administrator when it handled the claim, that administrator should have given more weight to the opinion of plaintiff's treating physicians). Allowing discovery would serve only to invite new evidence on the substantive merits beyond the administrative record, which is improper. *See Jones*, 615 F.3d at 945.

Similarly, Plaintiff fails to explain why he needs information outside the administrative record in connection with his arguments that Defendants have not identified the plan provision upon which the denial was based and improperly used a "pre-existing condition" to deny coverage. The administrative record includes the plan in its entirety and therefore Plaintiff already has all the fodder he needs to raise arguments about whether the denial is supported by the language of the plan. He has not established good cause to go further in discovery.

The fact that Plaintiff characterizes the alleged deficiencies in Defendants' review of his claim as "procedural irregularities" does not change this conclusion. Unlike conflicts of interest, *Glenn* did not mention procedural irregularities—much less suggest evidence outside the administrative record would be necessary to evaluate them. Meanwhile, the seminal Eighth Circuit case on procedural irregularities, *Woo*, evaluated them in the context of the administrative record. No external evidence appears to have been submitted. 144 F.3d at 1161.

Plaintiff comes closer to the mark when he argues there is an inherent conflict because Zimmerman's plan is self-funded. On this issue, the "good cause" requirement for taking discovery is more easily satisfied in light of the Supreme Court's holding that a conflict exists when the plan sponsor also serves as plan administrator. *Glenn*, 554 U.S. at 108; *see also Chronister*, 563 F.3d at 775. The problem for Plaintiff, however, is that virtually none of his proposed discovery is directed toward the conflict. He does not ask, for example, if the medical reviewer's compensation was affected by the outcome of the claim or otherwise probe into the administrator's or reviewer's

history in a way that analyzes possible financial incentives to deny claims.[3] He therefore has not shown that his proposed discovery is tailored to any conflict issues.

There are only two exceptions. First, Defendants concede that the administrative record does not include the name of the doctor who performed the external review of Plaintiff's claim (although it does include information about this person's credentials). The reviewer's name and occupation are potentially relevant to the conflict issue because they will indicate whether the person is employed by or affiliated with either Defendant. The Court therefore orders Defendant BPA to answer Plaintiff's Interrogatory No. 13 to the limited extent of identifying the name and occupation of each examiner or reviewer of medical records if this information is not already in the administrative record. (*See* ECF 87-1, p. 32.)

Second—and, again, to the extent the information is not already in the administrative record—Defendant BPA must answer Plaintiff's Request for Production No. 18 by providing "any rules, regulations, or written guidelines of any sort upon which you relied in this case, or have relied in similar cases in the past, for the purpose of deciding whether or not to deny coverage in claims of this nature." (*See* ECF 87-1, p. 9.) This request seeks information related to Defendants' history of claims administration and therefore could shed light on potential bias. *Glenn* recognizes the relevance of this information, and thus it is an appropriate subject for limited discovery. *See, e.g.*, *Winterbauer*, 2008 WL 4643942, at *6 (allowing discovery of defendant's internal guidelines and policies for evaluating claims).

## IV.    CONCLUSION

Plaintiff has failed to establish good cause for most of the discovery he seeks, and thus Defendants' joint motion to limit the scope of discovery is GRANTED IN PART. Defendants' joint motion is DENIED IN PART to the extent that Defendant BPA must answer Plaintiff's Interrogatory No. 13 in limited part and Plaintiff's Request for Production No. 18 in its entirety. In all other respects, Defendants are not required to answer Plaintiff's discovery requests.

In light of the narrow scope of discovery the Court is permitting, the Court expects Defendants to provide discovery responses to Plaintiff by December 8—i.e., 30 days from the date he served the discovery requests. This will allow the existing briefing deadlines to remain as set,

---

[3] Presumably, Plaintiff declined to ask about financial incentives in his proposed discovery requests because the administrative record already includes a statement that the external reviewer "do[es] not accept compensation for review activities that is dependent in any way on the specific outcome of the case." (ECF 80, p. 703.)

subject to the modest amendment granted by the Court on the record during the hearing on Defendants' motion. Specifically, Plaintiff's Brief will be due December 20, 2021; Defendants' Response Brief will be due January 17, 2022; and Plaintiff's Reply Brief will be due January 24, 2022.

IT IS SO ORDERED.

Dated: November 23, 2021

_____
STEPHEN H. LOCHER
U.S. MAGISTRATE JUDGE